IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS JOHN CAMPBELL** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 01-4517 |
| | : | |
| **JOHN E. POTTER, et al.** | : | |

MEMORANDUM AND ORDER

Kauffman, J.                                                                November 4, 2008

      Dennis John Campbell ("Plaintiff") and Mindy Jaye Zied-Campbell[1] bring this action against Defendants Postmaster General John E. Potter, the United States Postal Service ("USPS"), and the United States of America (collectively, "Defendants"). Now before the Court is Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 as to Counts II, VI, VII, and X–XIII of Plaintiff's Second Amended Complaint. For the reasons that follow, Defendants' Motion will be granted.

**I.    PROCEDURAL HISTORY**

      The instant case has a convoluted procedural history, part of which is relevant to the present Motion.[2] The First Amended Complaint raised claims under the Rehabilitation Act of 1973 arising out of Plaintiff's employment with the USPS. On December 9, 2004, the Court issued a Memorandum and Order holding that Plaintiff had failed to allege facts sufficient to show that he had exhausted his administrative remedies in a timely fashion, a prerequisite to

---

    [1]     While Mindy Jaye Zied-Campbell remains a named party in Plaintiff's filings, she is not a party to this action. She voluntarily withdrew with prejudice, and the Court denied her Motion to rejoin the case on August 17, 2004.

    [2]     The pertinent factual background of the case is recited in the Court's Memorandum and Order of October 17, 2005, see Campbell v. Potter, 2005 U.S. Dist. LEXIS 24281.

1

bringing an action under the Rehabilitation Act in court. Specifically, the Court found that Plaintiff had failed to allege that he had contacted an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory conduct. The Court additionally found the doctrine of equitable tolling inapplicable. Accordingly, the Court dismissed Plaintiff's First Amended Complaint without prejudice.

On February 15, 2005, Plaintiff, proceeding pro se, filed a Second Amended Complaint, consisting of 993 paragraphs as well as 702 additional pages of exhibits. On June 2, 2005, Defendants filed a Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In a Memorandum and Order dated October 17, 2005, the Court granted the Motion as to all but one of the Rehabilitation Act claims; specifically, the Court dismissed the Rehabilitation Act claims raised in Counts II, VI, VII, and X–XIII (collectively, the "Counts at Issue").[3] The Court again held that Plaintiff had failed to exhaust his administrative remedies in a timely fashion as to the Counts at Issue. Because the Court found that the equitable tolling analysis required information beyond the face of the pleadings, the Court analyzed the Motion to Dismiss as a Motion for Summary Judgment and found that Plaintiff was not entitled to equitable tolling.

On October 17, 2006, Plaintiff filed a Motion for Reconsideration of the Court's decision of October 17, 2005. He argued, inter alia, that the Court converted the Motion to Dismiss into a Motion for Summary Judgment without providing him proper notice or an opportunity to

---

[3] The Court did not dismiss Plaintiff's final Rehabilitation Act claim, Count III, because Defendants did not contest that he had seen an EEO counselor in a timely fashion concerning the matter raised in Count III. The Court dismissed without prejudice all of the non-Rehabilitation Act claims — Counts I, IV, V, VIII, IX, and XIV–XVI — as having exceeded the scope of leave the Court had granted to Plaintiff to amend the Complaint.

respond. The Court agreed and on March 24, 2008 vacated its Order of October 17, 2005 as to the Counts at Issue. The Court then converted Defendants' Motion to Dismiss into a Motion for Summary Judgment and ordered Plaintiff to file any responsive materials within sixty days. The Court further ordered Plaintiff to limit his response to addressing the issue of equitable tolling. Specifically, the Court stated, "Plaintiff[] shall not assert new claims in [his] response, nor shall [he] address any issue other than [his] claim of equitable tolling as to [the Counts at Issue]." Order of Mar. 24, 2008.

Disregarding the Court's Order, Plaintiff on May 23, 2008, filed his "Response to the March 25, 2008 Order," which consists of two motions. First, he moves to hold the case in abeyance pending the results of a Federal Employee Compensation Act claim he initiated at the Office of Workers' Compensation Programs ("OWCP") in January of 2007. Plaintiff argues a stay is necessary because "charges against the [Department of Labor]/OWCP might be imminent for violations of due process, collusion with the USPS, and civil conspiracy with the USPS" arising out of the OWCP process. Pl.'s Resp. 5. Second, he moves to amend the Second Amended Complaint in several ways. He seeks to add an argument concerning an alleged procedural failure by the Postal Service in his EEO process. He also seeks leave to add additional claims and rewrite unspecified portions of the Second Amended Complaint. Finally, Plaintiff cites a recent Supreme Court decision, Federal Express Corp. v. Holowecki, 128 S. Ct. 1147 (2008), that he believes is relevant to his case. Because Plaintiff failed to comply with the Court's Order, the Court will consider the only two portions potentially relevant to equitable tolling — the alleged procedural failure by the USPS and the recently decided Supreme Court case.

Plaintiff also disregarded the Court's Order by filing two additional responses after the sixty day filing deadline passed. Nevertheless, the Court will consider the responses because they contain motions directed to the Court's consideration of equitable tolling. His first additional response, filed on June 9, 2008, consists primarily of a description of various events that either have already been described to the Court or are not relevant to the present case. The one new and relevant element is a motion for additional time to supply medical documentation to support his alleged mental disability. However, because he has already filed thousands of pages of documentary evidence over the seven years during which the instant case has been pending, additional time is not necessary, and Plaintiff's motion raised on June 9 will be denied.

Plaintiff's second additional response, filed on August 1, 2008, contains two new motions. He first moves under Federal Rule of Civil Procedure 60(b) for relief from the Court's Order of March 25, 2008. However, Rule 60(b) is inapplicable, as it concerns only final orders, and no final order has been issued. See 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure §§ 2851–52 (2d ed. 1995). The second motion asks the Court to exercise its discretion pursuant to 28 U.S.C. § 1292(b) to certify a question of law to the Third Circuit prior to a final judgment "that involves a controlling question of law as to which there is substantial ground for difference of opinion" because "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[4] 28 U.S.C. § 1292(b). However, the Court finds that an appeal will not materially advance termination of the instant

---

[4] Specifically, he asks the Court to certify the question of "[w]hether the [USPS] is precluded from raising a statute of limitations defense due to their [sic] failure to raise this issue in a timely manner in the administrative process at any time after the November 10, 1998 EEOC/OFO decision . . . ."

case.  Therefore, the motion will be denied.

Having afforded Plaintiff an opportunity to respond to the converted Motion for Summary Judgment, the Court will for the third time consider whether he has satisfied the Rehabilitation Act's exhaustion requirement.

## II.    LEGAL STANDARD

In deciding a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law."  Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion.  See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001).  If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial."  Id.

**III.   DISCUSSION**

Prior to bringing claims under the Rehabilitation Act of 1973, a prospective plaintiff must timely exhaust all administrative remedies. See Spence v. Straw, 54 F.3d 196, 201 (3d Cir. 1995). Failure to do so renders the plaintiff's claim defective and thus susceptible to a motion for summary judgment. See Weber v. Henderson, 2001 U.S. Dist. LEXIS 2996, at *7–8 (E.D. Pa. Mar. 21, 2001) (citing Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997)). The applicable regulations require aggrieved persons, inter alia, to initiate contact with an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory conduct. See 29 C.F.R. § 1614.105(1); Spence, 54 F.3d at 201–02. As to the Counts at Issue, Plaintiff has failed to allege or offer evidence that he contacted an EEO counselor within 45 days of the alleged discriminatory conduct. Accordingly, he has failed to satisfy a statutory prerequisite to his action.

Plaintiff, however, argues that even if he did not contact the EEO counselor within the applicable time limit, his action should be allowed to proceed based on the doctrine of equitable tolling. The plaintiff bears the burden of demonstrating that equitable tolling is warranted. See Parker v. Royal Oak Enters., 85 F. App'x 292, 295 (3d Cir. 2003). In Oshiver v. Levin, Fishbein, Sedran & Berman, the Third Circuit outlined three situations in which equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or, (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." 38 F.3d 1380, 1387 (3d Cir. 1994).

Plaintiff has argued previously that all three Oshiver situations are applicable. However,

6

for reasons more fully set out in the Court's Memorandum of October 17, 2005, his arguments fail: (1) He has failed to show that any alleged fraud by Defendants prevented him from bringing his claims before an EEO counselor.  Cf. Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir. 2005) (finding equitable tolling unwarranted because plaintiff's "noncomplaince with the . . . statute of limitations period was not the result of his being misled by the USPS").  (2) While Plaintiff claims that his mental illness represents an "extraordinary circumstance" that has prevented him from "determin[ing] that he was discriminated against," Pl.'s Opp. to Mot. to Dismiss 64, the record strongly rejects that argument; he has pursued claims of discrimination persistently in a wide variety of fora.[5]  (3) While he argues that he mistakenly sought relief in fora other than through an EEO counselor, he has failed to make the necessary showing that due diligence would not have disclosed the proper forum.  See, e.g., Sharpe v. Philadelphia Hous. Auth., 693 F.2d 24 (3d Cir. 1982) (participation in the internal administrative appeal process did not toll Age Discrimination in Employment Act filing requirements); Peter v. Lincoln Technical Inst., 255 F. Supp. 2d 417, 426–29 (E.D. Pa. 2002) (employee's filing of claim under Family Medical Leave Act with Department of Labor did not toll limitations period for Americans with Disabilities Act claim).

    Plaintiff raises two new arguments in his Response to the Court's Order of March 24, 2008.  First, he contends that in December of 1998, the USPS filed an untimely request to reconsider an EEOC proceeding in violation of EEOC regulations.  Pl.'s Resp. 11–12.  However,

---

[5]  The Court's Memorandum and Order of October 17, 2005 notes that "Campbell's illness did not deter him from lodging complaints with the Merit Systems Protection Board, his collective bargaining unit, the National Labor Relations Board, the Office of Personnel Management, various Congressmen, Senators, the President of the United States, and numerous Postmasters General."

the Second Amended Complaint concerns alleged discrimination by the USPS ending in the year 1996. As a result, the alleged procedural error by the USPS occurred well after the 45-day windows during which Plaintiff should have initiated EEO counseling. Therefore, it could not relieve him of his obligation to have seen an EEO counselor.

Second, in his Response, Plaintiff claims that Federal Express Corp. v. Holowecki, 128 S. Ct. 1147 (2008), is relevant to his case. He elaborates on his argument in his brief of August 1, 2008. He correctly acknowledges that Holowecki concerns EEOC regulations governing the definition of the term "charge" as used in the Age Discrimination in Employment Act, see id. at 1153, and that neither that term nor that statute is at issue in this case. Nevertheless, Plaintiff cites Holowecki to illustrate that "EEOC can make mistakes, and that in the end, the employee should not be held culpable for the mistakes that EEOC does make." Pl.'s Br. of Aug. 1. While true, any errors committed by EEOC in Holowecki have no bearing on the instant case.

In sum, because the Court previously ruled that summary judgment was appropriate as to the Counts at Issue, and because Plaintiff has submitted no new evidence or arguments that demonstrate otherwise, the Court will grant summary judgment for Defendants as to the Counts at Issue.

**IV.  CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment will be granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS JOHN CAMPBELL** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 01-4517 |
| | : | |
| **JOHN E. POTTER, <u>et al.</u>** | : | |

### ORDER

**AND NOW**, this 4th day of November, 2008, upon consideration of Defendants' Motion to Dismiss (docket no. 60) as Converted by the Court into a Motion for Summary Judgment (docket no. 98), and Plaintiff's Response thereto (docket no. 106), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**. Accordingly, Counts II, VI, VII, and X–XIII of Plaintiff's Second Amended Complaint are **DISMISSED**. Additionally, Plaintiff's Motion to Hold in Abeyance and Motion to Amend (docket no. 106) are **DENIED WITHOUT PREJUDICE**. Finally, Plaintiff's Motion for Additional Time to Supply Medical Documentation (docket no. 109), as well as his Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b) and his Motion to Certify a Question of Law to the Third Circuit (docket no. 113), are **DENIED**.

BY THE COURT:

S/ BRUCE W. KAUFFMAN
BRUCE W. KAUFFMAN, J.